IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHNELL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-0669-CV-W-ODS |
| | ) |
| KESSLER SALES AND DISTRIBUTION, | ) |
| | ) |
| Defendant. | ) |

## ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

This case was removed from state court. Plaintiff, proceeding pro se, initiated the case with a document alleging Defendant fired him "without merit" and with the intent of discriminating against Plaintiff's First Amendment rights. No further explanation – either legal or factual – is supplied. No specific cause of action is alleged, so the Court does not know whether Plaintiff intends to assert claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, the Missouri Human Rights Act ("MHRA"), the United States Constitution, or something else entirely. Regardless, Plaintiff clearly asserts some claim arising from the First Amendment, and on that basis Defendant removed the case to federal court. Defendant then filed a motion to dismiss, contending Plaintiff's claims under Title VII are time-barred. Plaintiff has not responded to the motion and the time for doing so has passed.

Defendant's motion (Doc. # 3) is denied without prejudice because the Court is not certain Plaintiff is asserting a Title VII claim – as noted, the nature of Plaintiff's claim is not evident from his pleading, but there is no mention of a Title VII claim. Defendants contend Plaintiff previously filed an administrative complaint with the EEOC, but even if this is true that does not mean Plaintiff is asserting a Title VII claim arising from that administrative complaint.

In light of the lack of clarity, the Court will take the initiative and direct Plaintiff to file an Amended Complaint setting forth the basis for his claim by describing the nature of the claim or his legal theory (which is not expected to be consistent with standards of the legal profession given Plaintiff's pro se status) and the factual basis for his claim. If his claim arises under either Title VII or the MHRA, Plaintiff must also supply the appropriate Right to Sue Letter. Once that is done, Defendant is free to re-assert its arguments if it appears Plaintiff is asserting a Title VII claim.

Plaintiff shall comply with this Order on or before August 13, 2013.
IT IS SO ORDERED.

DATE: July 29, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT